# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIAM POWELL | CIVIL ACTION NO. 06-211 |
| VS. | SECTION P |
| RICHARD STALDER, ET AL. | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a *habeas corpus* petition[1] filed *in forma pauperis* by *pro se* petitioner William Powell on February 6, 2006. Powell is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and is presently incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Powell was convicted of aggravated rape in 1988 and sentenced to serve thirty-five years at hard labor. [Doc. #1-4, p.35]. In accordance with the provisions of LSA R.S.15:571.3[2], Powell earned diminution of sentence in lieu of incentive wages by his good behavior and performance

---

[1] Petitioner's initial filing in this case was a Motion for Preliminary Injunction. However, given the nature of the petitioner's allegations and the relief requested, the document is more properly construed as a petition for habeas corpus and/or a civil rights complaint.

[2] LSA R.S.15:571.3(B) provides in part, "Every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement, or both, to be known as 'good time'... The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody ..."

of work and self-improvement activities. [Doc. #1-4, p.32]. As a result, he was given a release date of July 29, 2006 [Doc. #1-4, p.35], which was later modified to June 4, 2006. [Doc. #5, p.7]. However, on May 31, 2006, Powell refused to sign the diminution of sentence release form, which would have authorized his release under the requirements of LSA R.S. 15:571.5, including mandatory parole supervision. [Doc. #5, p.7]. His refusal to sign the document corresponds to the claims made herein, namely that LSA R.S.15:571.5 (which mandates that when a DOC prisoner is released because of diminution of sentence pursuant to the statute, such release shall be as if on parole) is unconstitutional. Basically, Powell alleges that being subjected to the parole requirements after the accrual of his good time release date, results in the forfeiture of his good time credits and requires him to serve the entire maximum sentence. In this regard, he states that "defendants know that requiring Petitioner to continue serving a prison sentence that has been reduced by good time sentence credits that have vested amounts to the denial of Due Process and Equal Protection of the Laws." [Doc. #1-1, p. 10]. Powell further claims that "the defendants have or will have acted with deliberate indifference to a substantial risk of depriving Petitioner of his liberty interest without Due Process, a violation of his rights under the Fifth and Fourteenth Amendments." [Doc. #1-1, p. 2]. Powell also states that as he was refused discharge upon his refusal to sign the diminution of sentence release form, his further detention is illegal. [Doc. #5, p. 2].

Powell asks the court to order the defendants to release him "unconditionally, without subjecting him to any of the requirements of La.R.S. 15:571.5 upon the arrival of his good time discharge/release date." [Doc. #1-1, p. 14].

**LAW AND ANALYSIS**

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Supreme Court held that 28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release. However, prior to petitioning the federal court for *habeas* relief, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

Powell's complaint challenges the constitutionality of the Louisiana good time statute both as written and as applied to his particular case. Should this challenge prove successful, the court would have no choice but to order his release from continued custody since a ruling in his favor would imply the unconstitutionality of his continued incarceration. Therefore, since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion. A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas*

*corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Powell's pleadings and exhibits suggest, and in fact admit, that he has not fully exhausted his state court remedies prior to the filing of suit. In this regard, petitioner states that he has "fully and thoroughly litigated this issue in the Louisiana First Circuit Court of Appeal and is awaiting a ruling. See Exhibit 'A', Petitioner's Supervisory Writ, 2005-CA-1077, pending in the First Circuit Court of Appeal." [Doc. #1-1, p. 6]. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving Mr. Powell that correspond to the given docket number.

Therefore, this matter should be construed as a petition for writ of *habeas corpus* and dismissed without prejudice due to petitioner's failure to exhaust available state court remedies.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** due to the petitioner's failure to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, July 12, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE